

# OFFICE OF THE ATTORNEY GENERAL OF TEXAS

## AUSTIN

GERALD C. MANN
ATTORNEY GENERAL

*Montague Co,*

Honorable F. J. Moss
County Auditor
Montague, Texas

Dear Sir:

> This ____ on
> Overrules ____
> # 0-1972, 0-2383

Opinion No. 0-2474
Re: Whether county may make
monthly contributions to
W. P. A. sewing room projects.

In your letter of June 21, 1940, you request our opinion as to whether the Commissioners' Court of Montague County can legally cause to be paid out of the funds of that county the sum of $3.50 per month per person employed in the W. P. A. sewing room. This contribution by the county would be for the purchase of textiles from which garments would be made in the sewing room for distribution to poor and destitute families. While you do not specifically so state, it is so well known as to be assumed as a fact that on the whole the women working in the sewing rooms generally would be reduced to such extremities as to become public charges if such projects should be terminated. Also, that the people to whom the garments are given are unable to provide themselves with all the necessities of life. Our opinion will be based upon such facts assumed to be true and findings of the Commissioners' Court to that effect.

The care of poor and indigent inhabitants of this State is recognized by our Constitution as being a proper and legitimate subject for the expenditure of public funds.

Section 8 of Article 16 of that document reads:

> "Sec. 8. Each county in the State may provide, in such manner as may be prescribed by law, a Manual Labor Poor House and Farm, for taking care of, managing, employing and supplying the wants of its indigent and poor inhabitants."

NO COMMUNICATION IS TO BE CONSTRUED AS A DEPARTMENTAL OPINION UNLESS APPROVED BY THE ATTORNEY GENERAL OR FIRST ASSISTANT

Honorable F. J. Moss, Page 2

Section 2 of Article 11 thereof provides:

"Sec. 2. The construction of jails, courthouses and bridges and the establishment of county poor houses and farms, and the laying out, construction and repairing of county roads shall be provided for by general laws."

In Seydler v. Border, 115 S. W. (2d) 702, error refused, the constitutionality of the statutes authorizing the construction of county hospitals was sustained. The care and treatment of the sick was there held to be a public purpose as distinguished from a private one and a proper subject for the expenditure of county funds. And, on June 26, 1940, in the case of The Housing Authority of the City of Dallas v. Higginbotham, et al., not yet reported, in an opinion by Judge Slatton, Commissioner, the Supreme Court held constitutional the Texas Housing Authorities Law, Article 1269k, Vernon's Civil Statutes. It was there determined that the provision of decent dwellings and other living accomodations for persons of low income is a public purpose and that public funds may be used to acquire building sites and erect thereon dwelling accomodations to be rented at low rates to poor people.

Beginning at page 851 of the Reports of Attorney General Looney, 1916-1918, we find an opinion written by the late Chief Justice C. M. Cureton, then First Assistant Attorney General, sustaining the constitutionality of H. B. No. 18, Ch. 4, p. 4, Acts 35th Leg., 4th C. S., authorizing the counties to expend their general funds for the purchase of planting seed which would then be sold on credit to residents of such counties who were poor and unable to procure such seed. It was Judge Cureton's opinion that the purpose of such expenditure was a public one.

The purpose for which your Commissioners' Court proposes to use these funds is unquestionably a public one within Article 8, Section 3, of our Constitution. However, this does not necessarily mean that the expenditure can be made. For, it has been held by our courts many times that Commissioners' Courts are of limited jurisdiction only and are without any powers except those conferred upon them expressly or by necessary implication. El Paso County v. Elam, 106 S. W. (2d) 393; Howard v. Henderson County, 116 S. W. (2d) 479; Hill County v. Bryant, 264 S. W. 520; Com'rs. Court of Madison County v. Wallace, 15 S. W.(2d) 535. We shall attempt to determine whether the Commissioners' Court has the necessary authority to direct this expenditure.

Honorable F. J. Moss, Page 3

In our opinion the facts above stated and assumed to be true would support a finding of the Commissioners' Court that the employees in the sewing room, as well as those receiving the articles of clothing, are so needy and dependent as to come within the authority provided in Section 11 of Article 2351, Revised Civil Statutes.

Considering the humanitarian purpose of this statute, we do not believe it should be given a severe and literal construction. Rather, it should be given at least a fairly liberal construction to the end that its wholly desirable purposes shall at least be possible of achievement. The county's general fund has its safeguards. Section 9, Article 8, of the Constitution, limits the ad valorem tax for general county purposes to twenty-five cents on the hundred dollars valuation, and it may also be presumed that the county commissioners will be frugal and careful in making such expenditures. We do not believe that the statute was meant to require a man to be reduced to pauperism in the starkest meaning of the word before assistance may be extended to him.

These projects known as W. P. A. sewing rooms actually dispense aid in two forms:  (1) direct aid to those who receive the garments, and (2) indirect aid in the way of employment for the women operating the machines. Article 2351 does not require the assistance to be given in any particular manner. In many instances it will be much more wholesome and desirable for it to be given in the nature of employment.

Furthermore, we do not believe that a county's obligation to extend aid is necessarily destroyed the moment the Federal Government gives its assistance. There is nothing to prevent the county from providing for a part of such support, the Federal Government also contributing. If the Commissioners' Court finds that those to whom the clothes are given are dependent upon public relief, either direct or indirect, for living necessities, or that the sewing room employees would probably become subjects of direct relief if the projects should be terminated, in our opinion the contribution requested of the county may be made. Our opinion, of course, would be to the contrary if the Commissioners' Court finds that such facts are not true.

Honorable F. J. Moss, Page 4

This opinion is in accord with our conference opinion No. 3099, which we believe to be correct. Our opinion No. 0-2333 was given upon an incomplete statement and understanding of the facts and is withdrawn, and likewise that part of opinion No. 0-1972, holding that commissioners' courts may not purchase or rent sewing machines for use in such W. P. A. sewing rooms.

Yours very truly

ATTORNEY GENERAL OF TEXAS

By _Glenn R. Lewis_

Glenn R. Lewis
ASSISTANT

GRL:AMM

APPROVED JUL 3, 1940

_Gerald C. Mann_

ATTORNEY GENERAL OF TEXAS

This Opinion
Overrules Opinions
# 0-1972, 0-2333

THIS OPINION
CONSIDERED AND
APPROVED IN
LIMITED
CONFERENCE